Alfred NEWBERRY, Plaintiff—Appellant,

v.

FIBERGLASS STRUCTURAL ENGINEERING INC.; Randy Rapoza, Defendants—Appellees.

No. 07–35755.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 24, 2008.

Filed Nov. 4, 2008.

Charles Finkenbinder, Esquire, Charles M. Kester, Esquire, The Kester Law Firm, Fayetteville, AR, for Plaintiffs–Appellants.

Mark George Beard, Esquire, Stanton Phillip Beck, Esquire, Jennifer McMillan Beyerlein, Esquire, Ryan P. McBride, Lane Powell, PC, Seattle, WA, for Defendants–Appellees.

---

* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

Before: SILVERMAN and BERZON, Circuit Judges, and MAHAN,* District Judge.

## MEMORANDUM **

We are asked to decide whether an expert opinion prepared by Appellee Randy Rapoza, a professional engineer, concluding that Appellant Alfred Newberry was negligent in the performance of his professional responsibilities falls within California's litigation privilege and Washington's absolute immunity doctrine. We affirm the district court's ruling that Rapoza's opinion is privileged under both California and Washington law and therefore cannot serve as the basis for a subsequent defamation action.

Rapoza prepared his opinion at the request of Jeh Mody, who was preparing to file suit against Newberry for professional negligence in California state court. Mody's lawyer advised him that he could not file suit until he had complied with California Code of Civil Procedure § 411.35, which requires a plaintiff alleging negligence on the part of a professional engineer to obtain an expert opinion from another licensed professional engineer before bringing suit. To satisfy this requirement, Mody contacted Rapoza, who provided him with a preliminary opinion concluding that Newberry was negligent. Two weeks later, Mody filed suit against Newberry.

■ At the conclusion of Mody's unsuccessful action against Newberry, the state

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court held that Rapoza's preliminary opinion satisfied § 411.35. The state court's ruling, not challenged by Newberry, establishes that Rapoza's opinion was a "publication *required* or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication [was] made outside the courtroom and no function of the court or its officers [was] involved." *Silberg v. Anderson,* 50 Cal.3d 205, 212, 266 Cal. Rptr. 638, 786 P.2d 365 (1990) (emphasis added). Moreover, "[c]ourts respect the absolute aspect of the privilege by considering a statement's apparent or ostensible connection to the underlying action, without exploring the writer's or speaker's actual, subjective intent or purpose." *ITT Telecom Prods. Corp. v. Dooley,* 214 Cal. App.3d 307, 315–16, 262 Cal.Rptr. 773 (1989). Rapoza's opinion therefore falls squarely under the privilege codified in § 47(b) of the California Civil Code, which provides absolute immunity from tort liability for any communication made with "some relation" to judicial proceedings. *See Silberg,* 50 Cal.3d at 211–12, 266 Cal. Rptr. 638, 786 P.2d 365; *see also Rubin v. Green,* 4 Cal.4th 1187, 1193, 17 Cal.Rptr.2d 828, 847 P.2d 1044 (1993).

The result is no different under Washington law, given the state court's unchallenged ruling that Rapoza's opinion "formed the basis for a valid CCP § 411.35 certification." Like California's litigation privilege, Washington's absolute immunity doctrine shields potential expert witnesses from tort liability for "acts or statements ... which arise in the course of *or preliminary to* judicial proceedings." *Bruce v. Byrne–Stevens & Assocs. Eng'rs, Inc.,* 113 Wash.2d 123, 137, 776 P.2d 666 (1989) (emphasis added). Although Newberry relies heavily on *Twelker v. Shannon & Wilson, Inc.,* 88 Wash.2d 473, 564 P.2d 1131 (1977), to argue that an expert witness is not entitled to immunity for statements made prior to the formal initiation of legal proceedings, Washington courts post-*Twelker* have "extend[ed] the absolute privilege to initial complaints and statements made during the investigative phase of a judicial or quasi-judicial proceeding." *Story v. Shelter Bay Co.,* 52 Wash.App. 334, 340, 760 P.2d 368 (1988). Here, the opinion was submitted to a court to satisfy a procedural prerequisite, thereby providing for the availability of judicial supervision. We conclude that Rapoza is absolutely immune from liability for his statements, provided at Mody's request, regarding Newberry's work.

Because we hold that the allegedly defamatory statements are privileged under both California and Washington law, we need not decide which state's law should apply to this dispute. We also do not reach Appellees' alternative argument regarding the statute of limitations. The district court's grant of summary judgment to Appellees is AFFIRMED.